```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-8-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STEVEN SANCHEZ,

              Petitioner,

           -against-

WILLIAM LEE,

              Respondent.
-----------------------------------------------------------x

10 Civ. 7719 (PKC) (AJP)

ORDER ADOPTING REPORT
AND RECOMMENDATION

P. KEVIN CASTEL, U.S.D.J.

        Petitioner Steven Sanchez, represented by the Office of the Appellate Defender, petitions for a writ of habeas corpus. Petitioner was sentenced to a term of imprisonment of 18 years to life after a jury in the Supreme Court of the State of New York, Bronx County, found him guilty of second degree (depraved indifference) murder in violation of New York Penal Law § 125.25(2).[1] (Pet. ¶¶ 1-5; R&R at 1.) The murder conviction stems from the death of Jason Maldonado, who suffered a single stab wound to the stomach, inflicted by petitioner during an altercation on July 13, 2002. (Pet. ¶ 12; R & R at 2.) I referred the petition to Magistrate Judge Andrew J. Peck to hear and report. On March 16, 2011, Magistrate Judge Peck issued an eighty-four-page Report and Recommendation ("R & R"), which recommended denial of Steven Sanchez's petition for habeas corpus. (Docket # 15.) Petitioner's counsel filed objections to the R&R on May 4, 2011.[2] (Docket # 19.) In light of petitioner's objections, I have conducted a de novo review of the underlying record. See 28 U.S.C. § 636(b)(1); Rule 72(b), Fed. R. Civ. P. I conclude that the R & R is well-reasoned and grounded in fact and in law. It is adopted in its entirety, with an additional explanation as to

---

[1] The relevant facts and procedural history are described in detail in the R & R and will only be repeated here where necessary to explain my analysis.

[2] The Court granted petitioner's request for a thirty-day extension to file his objections. (Docket # 17.)

why the miscarriage of justice exception does not apply.

According to the petitioner, he is unconstitutionally confined because the trial evidence was insufficient to support his conviction for depraved indifference murder "as that offense was defined on the date [his] state conviction became final." (Pet. ¶¶ 12 at p. 7-10; RR at 1.) Petitioner also asserts that his trial counsel, Lynne Stewart, provided ineffective assistance of counsel because "she failed to make a specific motion to dismiss the depraved indifference murder count at the conclusion" of trial.[3] (Pet. ¶ 12 at p. 8; Sanchez Traverse at 19; RR at 1 n. 1, 19.)

The R & R concludes that there is a procedural bar to federal habeas review of petitioner's claim that the evidence was insufficient to support his conviction for depraved indifference. (R & R at 46-47.) The procedural bar stems from the denial of petitioner's insufficiency claim by the Appellate Division, First Department on an adequate and independent state procedural ground—petitioner's failure to preserve his sufficiency claim in the trial court as required by New York's contemporaneous objection rule, C.P.L. § 470.05. (R & R at 28-34.) The R & R properly applies the three factors articulated by the Supreme Court in Lee v. Kemna, 534 U.S. 362, 381 (2002), before finding "that the application of the state procedural bar for lack of preservation was not exorbitant." (R & R at 47-51.) The R & R also rejects petitioner's argument that there was cause for the procedural default; specifically, his assertions (1) that the grounds for his sufficiency claim were not reasonably available to his counsel at trial and (2) that his trial counsel was ineffective for failing to make a specific motion to dismiss the depraved indifference murder count. (R & R at 52, 61, 74; Sanchez Brief at 49, 57-62; Sanchez Traverse at 14-18; 19-21.) The R & R recommends that "the argument that depraved indifference was the proper mental state for depraved indifference murder was reasonably available to defense counsel" and under Strickland v.

---

[3] As correctly noted in the R & R, petitioner does not raise ineffective assistance of counsel as a stand-alone claim, but as "cause" for the alleged procedural default. (Petitioner's Objections at 30 n. 7; R & R at 19.)

Washington, 466 U.S. 668 (1984), counsel's assistance was not ineffective. (R & R at 61, 74.) The R & R also explains why its conclusion "that defense counsel was not ineffective for failing to raise the sufficiency claim is not inconsistent with" its earlier finding that petitioner "failed to establish cause for his procedural default because the sufficiency argument was reasonably available to counsel at trial." (R & R at 75.) The R & R rejects petitioner's argument that a "fundamental miscarriage of justice" would result if the court did not address his habeas claim despite the procedural default. (R & R at 77-82.) The argument is rejected by the R & R primarily on the grounds that petitioner has not provided any new evidence to support his actual innocence claim. (R & R at 81.)

DISCUSSION OF PETITIONER'S OBJECTIONS TO THE R & R

In objecting to the R & R, petitioner asserts that the trial court's decision denying petitioner's motion to dismiss at the close of all the evidence preserved his claim that the evidence was insufficient to establish depraved indifference murder.[4] (Petitioner's Objections at 5.) After petitioner's counsel articulated her position why the facts do not support a prima facie case of intentional murder, petitioner's counsel stated to the trial court as follows: "I would ask for a trial order of dismissal of the intentional murder count of this indictment and the whole case as well." (Tr. 561.) Petitioner now posits that by "[r]uling on [his] motion for a trial order of dismissal, the trial court specifically found that the evidence was sufficient to support a conviction for depraved indifference murder . . . ." (Petitioner's Objections at 5.) Petitioner asserts that the issue was "expressly decided" when Justice Marcus stated:

> With respect to the depraved count, as I say, I don't hear Ms. Stewart challenging directly at any rate the legal[ ] sufficiency of that count but given the defendant's testimony, it's clear that there is a reasonable view of the evidence to support a non-intentional reckless count, and given, again, the location of the wound and the knife

---

[4] At the end of all the evidence, the court heard petitioner's "motions at the end of the People's case" and his motions at the close of all the evidence. (Tr. 561.)

3

that caused it and the depth of the wound, there is certainly legally sufficient evidence to support not only a finding of recklessness but also circumstances evincing a depraved indifference to human life.

(Petitioner's Objections at 5-6 (quoting Tr. 563).)

I adopt Magistrate Judge Peck's conclusion that "Justice Marcus' decision simply applied the evidence to the legal requirements as they existed at the time of Sanchez's trial, and he did not expressly confront or resolve Sanchez's current claim that the evidence failed to establish a depraved indifference mens rea." (R & R at 44.) As fully explained in the R & R and in a prior opinion of this Court, the case law on depraved indifference murder substantially changed in 2006 when the new York Court of Appeals decided People v. Feingold, 819 N.Y.S.2d 691 (2006), and concluded that depraved indifference is a distinct mens rea element of depraved indifference murder. See Morrison v. Ercole, 2009 WL 161040, at *5 (S.D.N.Y. Jan. 16, 2009) (discussing the evolving case law on depraved indifference murder in New York); R & R at 53-58 (same). The R & R concludes that in order to preserve the issue for review, "Sanchez's counsel was required to specifically argue that the trial evidence was insufficient to establish a depraved indifference mental state . . . ." (R & R at 45.) This is a sound conclusion. See Wells v. Perez, 2011 WL 1453925, at *5 (S.D.N.Y. Apr. 14, 2011) (Judge Cote) (explaining, in a case involving similar facts, that petitioner's challenge to the sufficiency of the trial evidence was unpreserved where the petitioner "did not make the objection made [in the habeas petition] and on his state appeal, that the evidence does not support a subjective finding of the defendant's depraved indifference mental state, as required under the Feingold standard.") Petitioner cites to Fernandez v. Smith, 558 F. Supp. 2d 480 (S.D.N.Y. 2008) (then District Judge Chin), to support his argument that his objection was preserved. (Petitioner's Objections at 8.) But Fernandez does not support petitioner's assertion. As distinguished by Judge Cote,

4

> Feingold was decided after the First Department heard and decided the appeal of the defendant in Fernandez. Unsurprisingly, as the change in the standard had not yet occurred, the defendant's objection at trial and the objection made on appeal was the same—that the evidence did not support his conviction for depraved indifference murder under the Register standard. Therefore, Fernandez correctly found that the defendant had successfully preserved this Register standard objection to the evidence for consideration on appeal, in a factual situation quite different from that in [petitioner's] state court proceedings.

Wells, 2011 WL 1453925, at *6. Here, as in Wells, "the objection in [petitioner's] habeas petition is the same objection that the First Department found procedurally barred"; whereas "the objection made in Fernandez's habeas petition, concerning the sufficiency of the evidence under the Feingold standard, was different from the one found to be procedurally barred in Fernandez's state court proceedings." Id. at *6 n.1.

Petitioner also objects to the R & R on the grounds that even if the Court concludes that the state court judgment rested upon an independent and adequate state law ground, it should still reach the merits of petitioner's claim because he has shown both "cause" for the default and "prejudice" attributable to the procedural default. (Petitioner's Objections at 21.) The R & R describes in detail why petitioner has not established cause for the alleged procedural default. (R & R at 51-77.) In its explanation, it distinguishes Petronio v. Walsh, 736 F. Supp. 2d 640, 657 (E.D.N.Y. 2010) (Judge Spatt) and Fernandez, 558 F. Supp. 2d at 494—cases that excused a procedural bar based on the novelty of the claim. (R & R at 61 n. 46.) Petitioner relies on these cases in stating his objections to the R & R. (Petitioner's Objections at 29.) The R & R notes that "unlike in the cases finding unavailability [of petitioner's legal insufficiency claim], this Court's finding is supported by Sanchez's counsel's statement in her affidavit in support of Sanchez's § 440 motion that, at the time of trial, she was 'generally aware of the unsettled state of the law regarding depraved indifference murder and that some courts had found that depraved indifference murder was not adequately differentiated from reckless manslaughter.'" (R & R at 61 n. 46.) I adopt

5

Magistrate Judge Peck's recommended conclusion that petitioner has not shown cause for the procedural default.

Petitioner also objects to the R & R because, he argues, the miscarriage of justice exception applies because he has shown his actual innocence. (Petitioner's Objections at 34.) In supporting his objection, he cites to recent district court decisions in this Circuit. (Petitioner's Objections at 36; Petitioner's Letter Dated August 1, 2011.) These courts have concluded that a petitioner may establish "actual innocence" based not on new evidence, but on a post-conviction change in the law that occurred before his conviction became final for the purposes of filing a habeas petition. See e.g., Johnson v. Bellnier, 2011 WL 3235708, at * 14 (E.D.N.Y. July 27, 2011) (Judge Matsumoto) (finding "that new evidence is not required to establish a credible claim of actual innocence and invoke the miscarriage of justice exception to overcome a procedural default" and "can be premised solely on an intervening change in the law"); Petronio, 736 F. Supp. 2d at 657 (same); see also Fernandez, 558 F. Supp. 2d at 493-94 (concluding that "failure to consider [petitioner's] claim would result in manifest injustice" when "his actions . . . simply did not constitute depraved indifference murder as a matter of law, and it would be manifestly unjust for him to serve a sentence for a crime that he did not commit.") I respectfully disagree with courts who conclude that a petitioner may show actual innocence sufficient to excuse a procedural default in state court by identifying a change in the law that occurred post-conviction but before the conviction became final.

This Court has previously declined to apply the miscarriage of justice exception based on an intervening change in the law that occurred post-conviction but before a petitioner's conviction became final. See Morrison, 2009 WL 161040, at * 6. The petitioner in Morrison was convicted of depraved indifference assault in 2003. Id. at *1. Before his conviction became final, the New York

6

Court of Appeals decided People v. Gonzalez, 775 N.Y.S.2d 224 (2004), and People v. Payne, 786 N.Y.S.2d 116 (2004), but not Feingold. Id. at * 3. Morrison appealed his conviction to the Appellate Division, First Department, arguing that the evidence was insufficient to convict him of depraved indifference assault. Id. The Appellate Division affirmed his conviction on the grounds that Morrison failed to preserve his sufficiency of the evidence claim for appellate review. Id. Because the state court decision rested its decision on an independent and adequate state procedural bar and petitioner could not show "cause" or "actual innocence" to overcome the procedural bar, I declined to review the petition on its merits. Id. at *4-6. I also declined to issue a certificate of appealability. Id. at *9. Petitioner then appealed to the Second Circuit. In August of 2009, the Second Circuit denied his motion for a certificate of appealability and dismissed his appeal because petitioner had not made a "substantial showing of the denial of a constitutional right." Morrison, No. 07-Civ.-3576, 2009 WL 161040 (Docket # 22).

I see no sound basis for reaching a different conclusion under these facts. Here, the primary distinction between these two cases is that Sanchez was convicted after Gonzalez and his conviction did not become final until after Feingold. There is no principled distinction as to whether petitioner has shown actual innocence. Petitioner has not presented new evidence. See House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)) ("[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' ") And there is no sound basis for concluding that the law under which he was convicted is unconstitutional. Nor has Sanchez shown that he was denied fundamental fairness at trial. See Murray v. Carrier, 477 U.S. 478, 494 (1986). Accordingly, I conclude that petitioner has not shown actual innocence.

7

A state court's more lenient interpretation of its own state's criminal statute may create a circumstance in which a conviction of a habeas petitioner tried under the old interpretation of the statute would withstand appellate scrutiny under the old interpretation but not under the new interpretation. In one sense, it could be said that the person has become actually innocent of the crime charged when measured against the new interpretation. But he is not innocent of the crime charged under the interpretation in effect at the time of the crime and at the time of trial. This petitioner was on notice of the pre-Feingold interpretation of the statute at the time the crime was committed and no federal constitutional principle is violated by adjudicating his guilt under this standard. See Henry v. Ricks, 578 F.3d 134, 141 (2d Cir. 2009) (as amended) (holding that "the Due Process Clause does not require the retroactive application of a new interpretation of a criminal statute by the New York Court of Appeals in [a federal court's] collateral review of a conviction.") He was tried and convicted under the pre-Feingold interpretation, and as the state intermediate court concluded, there was sufficient evidence to support the conviction under that interpretation.[5]

The application of a state court's fundamental change in its interpretation of a criminal statute is subject to that state's law on retroactivity. See Fiore v. White, 531 U.S. 225, 226, 228 (2001) (explaining that a clarification in the law does not raise issues of retroactivity unlike a change in the law). Such state law retroactivity principles may not be applied in a manner that violates the federal constitution. No such claim is directly made in this case.

This petitioner's claim is that his failure to preserve his sufficiency of the evidence claim at trial should be excused because he is actually innocent of depraved indifference murder as

---

[5] In affirming petitioner's conviction, the Appellate Division, First Department explained that "[w]ere we to review [defendant's sufficiency claim regarding his conviction for depraved indifference murder], we would find the verdict was based on legally sufficient evidence, based on the court's charge as given without exception." People v. Sanchez, 836 N.Y.S.2d 174, 174 (2007).

8

that crime was defined on the date his conviction became final. This Court is of the view that this petitioner has not shown "actual innocence" of the type recognized in Schlup v. Delo or other Supreme Court or Second Circuit cases addressing the fundamental miscarriage of justice exception in the context of a section 2254 habeas petition.

Cases concluding that the miscarriage of justice exception applies based on an intervening change in the law that occurs while a case is pending on direct appeal cite to Bousley v. United States, 523 U.S. 614, 623 (1998) as support. See e.g., Johnson, 2011 WL 3235708, at * 12; Petronio, 736 F. Supp. 2d at 658. The petitioner in Bousley sought to avoid a procedural bar in order to permit a substantive review of his habeas petition under 28 U.S.C. § 2255, rather than section 2254. Bousley, 523 U.S. at 617. The procedural bar arose from petitioner's failure to challenge the voluntariness and intelligence of his guilty plea when he appealed his sentence to the Eighth Circuit. Id. at 620-21. Based on an intervening change in the law that occurred while petitioner's habeas petition was pending on appeal to the Eighth Circuit, the Court remanded the case to the district court to determine whether petitioner could show actual innocence, under the new law as modified by the Supreme Court while his habeas petition was pending on appeal. Id. at 624. It explained that if petitioner could make this showing, he would "then be entitled to have his defaulted claim of an unintelligent plea considered on its merits." Id.

In a petition asserted under section 2255, no principles of comity and federalism that serve as the foundation for a federal court affording deference to a state appellate court decision premised on independent and adequate procedural grounds are at play; they are in a section 2254 petition. In concluding that substantive review of a petitioner's section 2254 habeas petition was procedurally barred, the Second Circuit distinguished a Supreme Court holding in a section 2255 case by quoting the Supreme Court as follows:

9

> In the [§ 2254] habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism. Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

Sweet v. Bennett, 353 F.3d 135, 140-41 (2d Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 730-31 (1991)); see also Carrier, 477 U.S. at 495-96 (recognizing that applying the miscarriage of justice to excuse a state court's procedural bar requires other important habeas principles such as comity and a State's interest in the finality of its criminal court judgments to yield). The Second Circuit further provided that "[s]ection 2254, unlike [section] 2255, contains an exhaustion rule, 28 U.S.C. § 2254(b)(1)(A), as well as a rule requiring deference to state courts, 28 U.S.C. § 2254(d), underscoring the necessity that defendants raise their claims in state courts first." Sweet, 353 F.3d at 140. In light of these different principles at issue in a section 2254 case, I decline to extend the language of Bousley to a claim asserted under section 2254.

I have reviewed petitioner's other objections and find them to be without merit.

CONCLUSION

For the foregoing reasons, I adopt the R&R in full. Because petitioner has made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall issue only with regard to the question of whether, assuming petitioner's insufficiency claim is procedurally barred, the miscarriage of justice exception applies. See 28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 478 (2000) ("when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling.")  The Clerk of Court is directed to dismiss the petition and close this case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 8, 2011